1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Donald Ray Pierre,<br>    Plaintiff,<br><br>       v.<br><br>Southern California Permanente Medical Group (SCPMG), and DOES 1-10, Inclusive<br><br>    Defendants. | CASE NO. CV12-07984-JGB (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIS' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order (Stipulation") filed on January 21, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's deletion of paragraphs 1, 2, 3, 4, and 6(c) and amendment of paragraphs 5, 6, 8, 9, 10, 13, and 19 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The Court has stricken paragraphs 1-4 of the Stipulation, which appear to reflect the parties' statement of good cause for the entry of this Protective Order, because a specific showing of good cause or compelling reasons (see below) for filing under seal, **with proper evidentiary support and legal justification**, must be made with respect to **each document** or **item** designated Confidential, or other designation(s) used by the parties, which a party seeks to have filed under seal. The parties' mere designation of any information, document, or thing as Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific

facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS.**

## AGREED TERMS OF PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT

1. [DELETED]
2. [DELETED]
3. [DELETED]
4. [DELETED]

5. For purposes of this Protective Order, "Confidential Information" shall mean any documents, or **deposition** testimony, discovery responses, notes, and all information contained in any of the foregoing, which contain Protected Health Information (or "PHI") (as defined below):  documents and information protected by the peer review privilege pursuant to California Evidence Code § 1157 et al. and/or California Health and Safety Code §§ 1370 and 1370.1 and/or the California Confidentiality of Medical Information Act, Civil Code § 56, et seq.; financial and business information not available to the public**;** and/or personnel information.  The term "Protected Health Information" shall have the same scope and definition as set forth in the regulations issued by the United States Department of Health and Human Services pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1301, et seq., and shall include**,** without limitation, all patient identifying information and patient medical information.

6. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

    a. <u>for information in documentary form (apart from transcripts of depositions</u>), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.

    b. <u>for testimony given in deposition</u>, that a Party **identify such testimony** as confidential on the record, before the close of the deposition.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to

have up to 20 days after receipt of the final transcript to identify the specific portions of the **deposition** testimony as to which protection is sought. Only those portions of the **deposition** testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order. Transcript pages containing Confidential Information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the **deposition** testimony.

    c.    [DELETED]

    d.    <u>for information produced in some form other than documentary</u>, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

7. If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this **Protective** Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. Moreover, any document containing PHI shall be treated as Confidential, regardless of whether or not such a designation is included in or on the document.

8. A Party may only challenge any other Party's designation of materials as Confidential by serving a written objection upon the producing Party. The producing Party shall notify the challenging Party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection. If the objecting Party disagrees with the bases for the asserted

1  designation, the objecting Party must comply with Local Rule 37-1 to resolve the
2  disagreement.  Failure of the producing Party to participate in the meet and confer
3  process shall constitute a waiver of the objection.  To the extent the Parties are
4  unable to reach an agreement as to the designation, the producing Party may make
5  an appropriate **motion** pursuant to Local Rules 37-1 and 37-2 to the Court within
6  thirty (30) business days after the Parties agree that they are at an impasse on the
7  issue.  If the producing Party fails to file **a motion** within this time-period, the
8  document or testimony shall no longer be designated "CONFIDENTIAL" as of the
9  expiration of the filing period.  The **motion** shall be made, **and shall be**
10 **accompanied by an application made in accordance with the provisions of**
11 **Local Rule 79-5 and his Protective Order, requesting that** confidential portions
12 **of the motion and** specifically identified documents, information, and/or
13 **deposition** testimony be determined to be Confidential under the provisions of this
14 Protective Order **and be filed under seal.**  In **connection with such motion**, the
15 producing Party shall bear the burden of demonstrating that the disputed
16 Confidential designation is warranted.  Until a dispute over the asserted
17 designation is resolved by the Parties or the Court, all Parties and persons shall
18 treat the materials in question as Confidential.  The Parties agree that, if the Court
19 determines that any Party is abusing this process, the Court may award sanctions
20 **pursuant to** any applicable discovery statute or Local Rule.
21         9.     **The** Parties and their attorneys of record shall use the Confidential
22 Information obtained through discovery in this case, the information contained in
23 it, and any other information only for purposes of the present lawsuit and any
24 appeals.
25         10.    Counsel for any Party who obtains any Confidential Information from
26 any other Party shall protect it and its contents from all disclosure to anyone except
27 the persons designated in this paragraph, provided that the receiving Party**, except**
28 **the Court and its personnel,** receives a copy of and agrees to comply with this

1  **Protective** Order (including returning all Confidential Information at the end of
2  this lawsuit).  Confidential Information shall be used by a receiving Party only as
3  reasonably necessary for preparation of mediation briefs, arbitration briefs, law and
4  motion, discovery, and/or trial of this action, including any appeal or retrial, and
5  shall not be used for any other purpose, including, without limitation, any other
6  litigation or proceeding, or any business, or governmental purpose or function.
7  Counsel of record for the receiving Party may disclose information where
8  necessary to the proper preparation for, and trial of, this case only to the following
9  "Qualified Persons:"

10      a.    a Party, or officer, director, or employee of a Party to this action,
11            deemed necessary by counsel to aid in the prosecution, defense or
12            settlement of this action;
13      b.    their employees, including paralegal, clerical and secretarial staff, as
14            well as contract staff;
15      c.    experts and consultants retained only for the purpose of aiding counsel
16            of record in connection with trial preparation or consulting for the
17            purposes of litigating this matter, provided the persons in this
18            paragraph execute the attached certification ("Exhibit A");
19      d.    the Court and **its personnel**, including stenographic and other
20            reporters;
21      e.    Deposition and court reporters and their support personnel, for
22            purposes of preparing transcripts; or
23      f.    Any actual or potential witness at a deposition or at trial, provided
24            there is a reasonable basis to believe that disclosure of the
25            Confidential Information to the witness will lead to relevant testimony
26            or the discovery of admissible evidence and the disclosing counsel
27            identifies the recipient of such information to opposing counsel prior
28            to disclosure.  Confidential Information may be shown to persons

identified in this paragraph only if such person is informed of the terms of this **Protective** Order, provided with a copy of the **Protective** Order, and reasonable efforts are made to have the person agree to be bound by the terms of the **Protective** Order and to agree not to disclose Confidential Information.  However, the persons in this paragraph may not be given copies of, or be entitled to retain Confidential Information.

11. Counsel for the Parties and all Qualified Persons shall take reasonable measures to safeguard and maintain the confidentiality of Confidential Information subject to this Protective Order.  Such measures shall include, without limitation, redacting from materials produced in this litigation:  patient identifying information from PHI**;** other personal identifying information of Kaiser Foundation Health Plan members**;** and personal identifying information of Defendant's employees, when the disclosure of such Confidential Information is not relevant to this litigation or not necessary for the Parties to achieve their objectives in this litigation.

12. Counsel for the Parties shall take all necessary and reasonable steps to ensure that their vendors maintain the confidentiality of all Confidential Information.  Violation of this requirement by any vendor shall be deemed a violation of this **Protective** Order by the counsel who engaged such service.

13. This Protective Order shall continue in full force and effect with respect to all Confidential Information, until another order or stipulation of the Parties modifies, supersedes**,** or terminates this **Protective** Order.  At the conclusion of the Litigation (including appeal), all such Confidential Information shall be returned to the Party who produced it or destroyed within 60 days and no Party, expert, consultant**,** or any other person or entity**, except the Court and its personnel,** to whom such Confidential Information was produced shall retain any copies or any such Confidential Information except that counsel for each Party

may retain court papers, attorney work product (including court papers and attorney work product that contain information or material designated as CONFIDENTIAL), and deposition transcripts in which Confidential Information is contained provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as CONFIDENTIAL to any person or entity not authorized herein. Upon return of all responsive documents, each Party's counsel shall provide a signed acknowledgement that they made a good faith effort to identify and return all documents containing Confidential Information. Even after the termination of this litigation, the confidentiality obligations imposed by this **Protective** Order remain in effect unless and until modified by stipulation or subsequent Court order.

14. This Protective Order is without prejudice to the right of any Party to object to the discovery, production, and/or admissibility of any information, document, or evidence on any grounds or to bring before the Court at any time the question of whether any particular information is or is not relevant to any issues in, or to the subject matter of, the Litigation, and such right is hereby expressly reserved. The designation of such information as Confidential Information pursuant to this Protective Order shall not be construed as an admission of the relevance or confidentiality of such Confidential Information in the Litigation.

15. Nothing contained herein shall prevent any Party from using or disclosing its own Confidential Information without having to comply with the terms of this Protective Order.

16. The Court shall retain jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem necessary or appropriate.

17. Nothing in this **Protective** Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action. If a receiving Party is served with a subpoena, a demand in another action to which it is a party, or an

order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the receiving Party must so notify the **producing** Party, in writing (by email and fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order and shall object to its production to the extent permitted by law. Should the person seeking access to the documents or testimony take action against any such non-producing Party to enforce such a subpoena, demand, or other legal process, the non-producing Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the non-producing Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of documents or testimony covered by this Protective Order, or to subject himself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

18. If a Party files any paper containing information protected from disclosure by this **Protective** Order, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal pursuant to **Local Rule** 79-5.1. The application shall be directed to the judge to whom the papers are directed. If the pleading filed with an application to seal is a motion, the filing Party shall file a redacted version of the motion and supporting papers.

19. **T**he Parties **agreed** to be bound **and are bound** by the terms of the **Stipulation, pending entry of this Protective Order by the Court**.

20. No modifications of this **Protective** Order by the parties will have the force or effect of a Court order unless the Court approves the modification.

**IT IS SO ORDERED.**

DATED: February 11, 2014      _____/s/ Margaret A. Nagle_____
                                MARGARET A. NAGLE
                                UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**CERTIFICATION**

I, [Print Name] _____, declare:

1. My residence address is: _____. My present occupation is _____.

2. I have received a copy of the Protective Order in the action entitled, *Donald Ray Pierre v. Southern California Permanente Medical Group,* pending in the United States District Court for the Central District of California, Case No. CV12-07984-JGB (MANx) (the "Litigation"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those Qualified Persons specifically authorized by the Protective Order, and will not copy or use except for purposes of the Litigation, any document or information designated as Confidential which I receive or learn about in the Litigation.

4. I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after the termination of this action.

Executed this _____ day of _____, 2014, at _____.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature